## ROBERT H. BOWLES *v.* MRS. M. M. TURNER et al.

Where it is sought to hold a married woman liable on her note, given with the authorization of her husband, it is incumbent on the party seeking to recover, to show that the contract inured to her separate advantage, or that it related to her trade, if she acted as a public merchant.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Clarke & Bayne,* for plaintiff and appellant. *Jas. G. White,* for defendant.

DUFFEL, J. It appears that *Dr. Parrot,* having bought from the firm of *Sickles & Co.* medecines, gave in payment his three notes made to the order of, and endorsed by *Joseph P. Turner,* the husband of the defendant, *Mrs. M. M. Turner;* that *Mrs. M. M. Turner* was then separated in property with her husband, and kept on her own account public carriages for hire; that one of said notes was transferred to the plaintiff, who, in renewal thereof, took the note sued on, which reads as follows:

"$500.                                 New Orleans, February 26, 1858.

"Twelve months after date I promise to pay to the order of *W. J. Parrott,* five hundred dollars for value received.

|                        | (Signed)   | M. M. TURNER.     |
|------------------------|------------|-------------------|
| " Authorized by me.    | (Signed)   | JOSEPH P. TURNER. |
|                        | (Endorsed) | W. J. PARROTT,    |
|                        |            | JOSEPH P. TURNER, |
|                        |            | ROBT. H. BOWLES." |

The defence set up by the wife is, that she signed the note without the authorization of her husband; that she never received any consideration for the same; that it did not inure to her benefit; and that she is not a public merchant.

The husband admits his liability, but avers that he signed the note as a party thereto, and that the words "authorized by me" were subsequently interpolated.

The District Court rendered a judgment of nonsuit as to the defendant, *Mrs. M. M. Turner.* The plaintiff appealed.

Apart from the want of authorization pleaded by the wife, and the special defence made by the husband, and which was not explained, it was incumbent on the plaintiff to show that the contract inured to the separate advantage of the wife, or that it related to her trade, which was not done. C. C. 2412; *Eliza J. Erwin* v. *James McCalop et al.,* 5 An. 173; ibid 495.

Judgment affirmed, with costs.

LAND, J., absent.